**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

JAMES M. CLINE,

    Petitioner,

:

Case No. 3:10-cv-232

-vs-

:

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

WARDEN, Southern Ohio
 Correctional Facility,

    Respondent.

:

---

**REPORT AND RECOMMENDATIONS**

---

This habeas corpus case is before the Court on Respondent's Motion to Dismiss (Doc. No. 10) which Petitioner opposes (Doc. No. 13). One of the opinions from the Second District Court of Appeals provides the background facts of the case.

> [*P4] "Between December, 1999, and the beginning of 2000, Cline met Robin Rabook, Betty Jean Smith, and Sonja Risner in internet chat rooms. After several dates with each of the three women, they declined further contact with him. As a result, Cline began to harass the women by e-mail and by telephone, at all hours of the day and night. In an apparent attempt to take revenge against the three women, Cline used his knowledge of computers and the internet, along with the women's personal information, to create havoc in their personal lives. For example, Cline locked the women out of their internet accounts, and he scheduled dates for the women, unbeknownst to them. He used their names to send vulgar messages to others, and he sent vulgar messages about the women to others.
>
> [*P5] "Cline also stalked Sonja. In September, 2000, Cline solicited the assistance of another woman whom he met on the internet to burn down the house where Sonja lived. That woman, Gina White, warned Sonja of sabotage to her car, and a mechanic found a mothball in the

>gas tank. Cline also began an intensive program of telephone harassment of Sonja. He called her repeatedly at home, and after she changed her number, he called her at work. He then began to call people all over Urbana trying to get Sonja's new phone number. Cline also ordered magazine subscriptions in her name, caused deliveries to be made to her home, advised realtors that she wanted to sell her home, and arranged to have her car towed. Cline gave Sonja's work number to many people, encouraging them to call her there. During a two-month period, Cline made over 3,000 phone calls.
>
>[*P6] While Cline was in jail in Indiana awaiting extradition to Ohio, he began writing Sonja's personal information and physical description in books in the jail, and encouraging prisoners to write to her, which several of them did. During this time, Cline continued to pursue plans to burn down her house.
>
>[*P7] As a result of these activities, Defendant was charged in Champaign County in indictments filed on September 21, 2000 and May 17, 2001 with eighty-six counts, including telecommunications harassment, conspiracy to commit aggravated arson, criminal mischief, intimidation of a crime witness/victim, menacing by stalking, and unauthorized use of a computer. Following a jury trial in January 2002, Defendant was convicted of four counts of unauthorized use of a computer, two counts of menacing by stalking, two counts of conspiracy to commit aggravated arson, one count of criminal mischief, one count of intimidation of a crime witness/victim, and sixty-six counts of telecommunications harassment.

(Exhibit 19, Journal Entry and Opinion, Case No. 07CA02, pp. 1-2).

Although Petitioner is apparently skilled in the use of computers, he has had a difficult time pleading his case in this Court. After the Magistrate Judge ordered him to file an amended petition, he did so, stating the following claims:

>**Ground One:** ineffective counsel, unfair sentence, manifest weight disproportionate sentence same grounds as appeal.
>
>**Supporting Facts:** my attorney was ineffective – which led to my unfair sentence.

>**Ground Two:** same grounds as appeal.
>
>**Supporting Facts:** 58½ years is ridiculous. 40 years are for 40 felony 5's one year each consecutive.

(Petition, Doc. No. 5.)

As a *pro se* habeas petitioner, Mr. Cline is entitled to a liberal construction of his Petition. *Haines v. Kerner*, 404 U.S. 519 (1972). Giving the Petition such a liberal construction, Respondent identifies three claims as part of Ground for Relief One: ineffective assistance of counsel, a conviction against the manifest weight of the evidence, and a claim that his 58.5 year sentence is constitutionally disproportionate to his conduct. The second ground for relief again raises the disproportionate sentence assertion.

Respondent asserts that all of Petitioner's claims are procedurally defaulted. The procedural default defense in habeas corpus is described by the Supreme Court as follows:

>In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 749 (1991); *see also Simpson v. Jones,* 238 F. 3rd 399, 406 (6th

Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963).

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright v. Sykes*, 433 U. S. 72 (1977). *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). "Even if the state court failed to reject a claim on a procedural ground, the petitioner is also in procedural default 'by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate procedures.'" *Thompson v. Bell*, 580 F.3d 423 (6th Cir. 2009), citing *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407 (2001); *Eley v. Bagley*, 604 F.3d 958, (6th Cir. 2010).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.

> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin,* 785 F.2d, at 138.

      As shown by Respondent's analysis, all of the claims Petitioner makes here were raised on direct appeal to the Second District Court of Appeals. However, Petitioner did not attempt to appeal to the Ohio Supreme Court until nearly a year after his intermediate level appeal was decided. That delay was held against him by the Ohio Supreme Court which declined to hear his direct appeal. The Sixth Circuit Court of Appeals has held that the Ohio Supreme Court's rule requiring that an appeal be filed within forty-five days of final judgment in the Court of Appeals is an adequate and independent state basis of decision. *Bonilla v. Hurley,* 370 F.3d 494 (6th Cir. 2004).

      In his Response, Petitioner does not offer an excuse for his failure to take an appeal. Instead, he recites case citations from the brochure of an entity known as National Legal Professional Association which appears to be an advertisement for their services. Having done so, he pleads with this Court to reduce his sentence if this Court has "power and jurisdiction." (Response, Doc. No. 13, PageID 1007).

A federal habeas court is not entitled to override a procedural default to grant relief. Because the State has adequately proved that Petitioner failed to comply with adequate and independent rules of the State for exhausting appeals, the Petition must be dismissed, however much the Court might empathize with Petitioner's very stiff sentence.

The Eighth Amendment does not require a strict proportionality between the crime and sentence. Rather, it only prohibits "extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan,* 501 U.S. 957 (1991)(plurality opinion); *United States v. Marks,* 209 F.3d 577, 583 (6th Cir. 2000). A sentence within the statutory maximum generally does not constitute cruel and unusual punishment. *Austin v. Jackson,* 213 F. 3d 298 (6th Cir. 2000); *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995). Here Petitioner was sentenced to the one year for each of forty telephone harassment convictions. A one year sentence is certainly within the range of punishment authorized by Ohio law for these offenses. Whether consecutive sentences are wise or necessary is not a question this Court is authorized to decide. The Supreme Court has held that imposition of consecutive sentences for different offenses, which was recognized at common law, does not offend the Constitution. *Oregon v. Ice,* 129 S. Ct. 711, 718 (2009).

It is therefore respectfully recommended that the Petition be dismissed with prejudice.

Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied any requested certificate of appealability and leave to appeal *in forma pauperis*.

December 23, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).