**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

JAMES M. CLINE,

    Petitioner,

: Case No. 3:10-cv-232

: District Judge Timothy S. Black
    -vs-    Magistrate Judge Michael R. Merz

WARDEN, Southern Ohio
 Correctional Facility,

:

    Respondent.

---

**SUPPLEMENTAL REPORT AND RECOMMENDATIONS**

---

    This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 15) to the Magistrate Judge's Report and Recommendations (Doc. No. 14) recommending that the Petition be dismissed with prejudice. The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

    This case was reassigned to newly-appointed District Judge Timothy Black as part of the random re-distribution of Dayton civil cases to provide equity among the three district judges. Judge Rice did not recuse himself in this case, as Petitioner seems to believe.

    Petitioner has the impression from the Report and Recommendations that dismissal is being recommended because he has not exhausted his available state remedies. That is not correct. If there were additional state remedies available to Petitioner, the Magistrate Judge would stay this case until Petitioner had a chance to exhaust. Rather, the Report recommends dismissal for

-1-

procedural default.  This means that Petitioner did not use all of the state remedies which were available to him and lost the chance to do so by not complying with state court rules.  The critical rule here is the requirement to appeal to the Ohio Supreme Court within forty-five days of the judgment in the court of appeals.  As Petitioner himself admits, his delayed appeal to the Supreme Court was dismissed for being too late – more than ten months.

The only remaining state remedy of which this Court is aware that Petitioner could attempt is to ask the Governor for clemency.  The Court is unable to advise Petitioner how that process works.

Because the Objections do not state any basis for rejecting the Report and Recommendations, it is again respectfully recommended that the Petition be dismissed with prejudice.

January 4, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).